May it please the court, Eric Moltoff on behalf of Appellant Edwin Gregory. I'm hoping that I'm in the proper range for the microphone here. This case has a maze-like history with many promising avenues, dead ends, restarts and reversals. That's history now because we have two issues before this court for determination on the merits. On one hand, we have the magistrate judge's findings and recommendations, which were a thorough, cogent and logical resolution and analysis of these two issues. On the other hand, we have the district court order, which has none of those attributes. In the magistrate judge's words, he struggled mightily to reconcile the decision of the California Court of Appeal in Gregory IV with the law of the land, and he couldn't do it. I, as a practitioner, have struggled mightily to prepare a presentation for this court that improved upon the magistrate judge's analysis, and I couldn't do it. I'm here, therefore. Well, to me, this case comes down to our standard of review, because we have a very deferential standard that we're required to apply. So the question for us isn't whether we think that in some abstract way you have the better of the argument on the question about competency versus actual understanding of the plea, but only whether the California court could have reached the result that it did, consistent with interpretation of Supreme Court precedents. And I'm quite sympathetic to your argument if we were looking at a de novo, but I need for you to explain to me why a fair-minded jurist could not come to the conclusion that the California court did. Yes, Your Honor. Under 2254d, there was both an unreasonable application of the controlling law and an unreasonable determination of the facts. The controlling law is Godinez, which posits two separate inquiries as to the validity of a plea. The baseline determination of whether the defendant was competent and then the specific determination of whether he understood the particulars of what he was getting into in the case. No, but that case, I mean, this is a California court's analysis, and I think the district judge. But in this case, those two inquiries really collapsed into one because of the evidence that, you know, was offered for not understanding the pleas. It went only to competence. And the question is, as Judge Graber says, was that a reasonable conclusion by the State court, right? Your Honor, I'm going to disagree and respond in the following manner. The evidence that showed that Mr. Gregory did not understand the consequences of his plea fell into three categories. One, that he was suffering the residual effects of a major mental illness. And there was plenty of ample testimony that he was recovering, but he had not recovered. He was seriously compromised. Now, that evidence is relevant to competence also in some way, because it's a mental illness which, if at its height, did render him incompetent. Well, but the question is, but how is it relevant to not understanding the plea aside from, you know, competence or lack of competence? That's part one, Your Honor. On the day of the plea, he was not functioning at the level he had when he was a certified accountant. He was compromised. He wasn't necessarily incompetent, but he was seriously hampered because of the residual effects of schizophrenia, which put thoughts in your mind that you don't want, which mess with your cognitive functioning. Second, as a remedial effort, he was taking, under prescription by the California by the county jail, highly powerful psychoactive medications that have positive effect to help him maintain competency, but they also interfere with his processing of information. They slow down your mental processes. They make you interrupt your ability to function in your normal manner. Now, I want to stop right there because isn't it reasonable to conclude from that, maybe not the only conclusion, is that you're arguing both ways. You're saying, well, you know, he's taking a drug to make him competent, but that drug also makes him incompetent. Not that it makes him incompetent. Well, he can't understand. What's the difference? Your Honor, he can understand, but only with extra assistance because he's compromised. All right. So it limits his competence. It makes him less competent. I mean, that's the – I'm not saying that's the only, you know, reasonable conclusion, but that's the conclusion of the State court, right? And isn't it, as Judge Graber says, a defensible conclusion, a defensible finding? Your Honor, I'm going to answer Your Honor straightforward and candidly. It's a ridiculous conclusion because suppose the only evidence on the knowing voluntariness of the plea issue was uncontradicted medical testimony that he was floridly psychotic at the time. Now, that testimony would satisfy both Godinez's criteria at the same time. And the plea could not stand without any delving into did you understand the question about the length of the sentence, did you understand what the self-incrimination is. He would have just – the plea would have been vacated. The only other evidence that can be presented where the court of appeal decision is illogical, unreasonable, and untenable is that it attempts to pit a nonexistent concession of competence as a trump card over the actual evidence that was presented. Well, I'm not sure that's your conclusion about it. I'm not sure what they were – that that's what they were doing. What the court said was that the questions of capacity to understand and the actual understanding are legally distinct inquiries, which is correct, but that in this particular instance they merged factually because the particular evidence that was presented was the evidence that was presented to the court. So they were merged factually, not legally. So what's wrong with that analysis? It – the essence of the folly of that analysis is when the presiding judge said all of the evidence is, quote, rendered insubstantial, close quote, because he hasn't challenged his competence, because he conceded his competence. Well, what he said – what they say is, as we've explained, Edwin's evidence showed that he did not understand solely because he could not understand, that he was capable – incapable of processing the information necessary for understanding. So that – I guess that's what comes up against the question of whether he did concede his competence to enter the plea. And the answer there is didn't concede anything. There's a presumption that you're competent. Let's keep this tied to the facts of this case. We have two very experienced psychiatrists who examined Edwin within five days of the trial. Both of them found that his mental functioning was severely compromised because of his mental illness and the psychoactive medications, and that he was struggling to keep up with what was going on, but that he was marginally competent in the sense of an Indiana v. Edwards gray area defendant. So they were not prepared to say he lost it. He had to go back to Atascadero. They were – But you have in this case, he is representing that he's able to enter a plea, otherwise he wouldn't get to enter a plea. So he in essence has to represent that he's sufficiently competent to enter the plea. Yes. And the jury has rejected an insanity defense, correct? Those had to do with two different times and places, Your Honor. Okay. But in this instance – So here we come up. We come up to the day of the plea. And we have eyewitness testimony from the time that he approached court. There was an effort by the defense attorney, chronicled in Gregory II and Gregory IV, to explain what was going to happen. In the company of defense counsel was another attorney, appellant's cousin, Gregory Altoonian, who was kind of a liaison. And Mr. Altoonian is a lifelong relative of Mr. Gregory and watched this interaction and believed, based on his observations of Edwin, that the defense attorney's statements of what was going to happen weren't penetrating. Now, why is that? As the doctors expressed, the psychiatrists expressed, when you're as competent, as compromised, but yet marginally competent as Mr. Gregory was, you don't get things the first time. You have to have people go over it with you more. And as the defense attorney commented, he should have had a psychiatrist with him to be able to probe to see what Mr. Gregory was understanding and what he wasn't understanding, so that they could make sure when they went to the plea that he had an adequate, constitutionally adequate understanding. That didn't happen. Mr. Gregory understood some things in the course of the plea. The testimony, his own testimony, is that, I didn't understand what Mr. Smurr said because, you know, I didn't particularly get along with him, I didn't feel comfortable with him, but while the judge was explaining what was going on, I did understand that I was pleading guilty to murder. But, he said, testified, I had no understanding of what the sentence was going to be, what the alternatives were, but I knew that my parents and my advisors had told me just to get through this event as a formality, so that I could go to the insanity trial. This is specific evidence showing that he was able to understand some things. Maybe he could have understood the whole plea if the psychiatrist or the defense attorney or the judge had taken time to do more than the standard Boyk-N-Tal plea. In the course of the Boyk-N-Tal plea, he understood some things, didn't understand other things, but then stopped expressing his lack of understanding when he got the message that this was going to impair his ability to get through this formality into a sanity trial. Now, here's the fundamental – my fundamental concern about the Court's questions about this case. We get back to the point where a defendant is presumed competent, but that doesn't mean a defendant is functioning at his highest level. The evidence here is that Mr. Gregory was marginally competent, compromised. And so the question is a standard, Godine's question. When he's puttering along with marginal competence, catching a fact here, catching a fact there, missing some here, missing some there, was the plea validly entered when the record we currently have shows that he did not understand the crucial parts of the plea, what the consequences were, that there was a life sentence involved and that he had alternatives. So what if some of the evidence showed that his – okay. The evidence presented in relation to his mental health showed that his competence was compromised, not gone. That's – that was the testimony of the experts. Because that's what a mental illness does to you. It compromises your functioning. If it's not – Kennedy, but not compromise to the extent that he was not sufficiently competent to enter a plea. True. He was marginally competent and with assistance and some effort on the part of the people involved to make sure that he did understand what they were telling him because he didn't get it the first time. So suppose he had a hearing disability such that he heard only every fourth word that the judge was telling him. And he said, I don't really understand what you've told me because I'm only getting every fourth word. The judge would have to take extra efforts to somehow make sure he got all the words that related to the consequences of the plea. The person is competent in terms of the basic competence of knowing what's going on in the courtroom, that the judge was up there, the prosecutor was here, and defense attorney was somewhere else. Your Honors, in the interest of – I'm going to reserve the small amount of time I have left for rebuttal. There isn't much, but we'll give you a minute or so when the time comes. Thank you. Because that's a complicated case. May it please the Court. As the district court here found, there is no controlling Supreme Court authority holding that a Petitioner who concedes – a defendant who concedes his competence can be found – that a plea of a defendant who concedes his competency can be found involuntary and unintelligent based strictly on evidence that he possesses such competence. Well, let me ask you about that, because as a theoretical proposition, what the California Court says seems fine, or at least permissible. But I'm curious as to whether, in your view, the evidence actually falls into the standard that the Court stated. In other words, what I understand part of the argument to be is that, yes, he was competent, and, yes, he introduced evidence, but the evidence was more than or different from saying that he was incompetent. It was beyond that. It was that he couldn't form the knowing and intelligent voluntary plea, which is a separate requirement. What's your response to that view of the evidence? The evidence in this case, the evidence that he – there was evidence going both ways that the Court could have considered that he did or didn't understand. The evidence supporting the claim that he didn't understand his plea all pointed to his being unable to understand that plea, that he didn't understand the plea because he lacked the capacity to do so. That included the expert testimony that he presented before the State court, which was, by – for instance, of the two experts, Dr. Terrell testified that Mr. Greger was not competent to enter a plea bargain, that he was quite impaired at the time of the hearing. It would have been virtually impossible for him to understand the consequences and his various options. Dr. Mills, who had examined Mr. Greger five days prior to the pleading, testified – he did say he would have found him marginally competent at the time, but then he explained what that meant. And he explained that he thought Mr. Greger knew the various courtroom personnel and what he was charged with and appeared willing to cooperate with his attorney, but didn't have – seemed to have much beyond that. That doesn't describe competency to understand the consequences of a plea. That is – that describes something significantly less. Dr. Mills also testified that Mr. Greger was significantly ill at the time of the exam, and he frequently seemed confused, and he was, quote, very remarkable for blocking, meaning thought-blocking. He also opined that when Mr. Greger entered the plea, he was suffering thought process disruptions, memory retention difficulty, and thought-blocking. All that shows that he lacked the – if credited, that he lacked the capacity to understand a plea. Which had been a previous finding at some point in time, that he was – Pardon me. He had been found incompetent to stand trial previously. Yes. He had been found incompetent several months before that, and after a period of a few months, been found restored to competency. Well, if he doesn't have the capacity, how does he understand? If the evidence were credited that he lacked the capacity, then by nature the plea would not be a knowing and intelligent plea. Right. What the court of appeal – however, there was evidence on both sides as to whether the plea – there was also evidence that the plea was knowing and voluntary. That evidence, the strongest evidence, was in the contemporaneous record of the plea. Well, besides the fact that he entered the plea, what's the evidence? I mean, since a plea may be invalid or valid, the fact that he enters the plea doesn't prove anything. That's correct, Your Honor. But the specific record of the plea hearing is evidence that he understood the plea. First of all, the court pointedly asked Mr. Smurr, Mr. Gregory's attorney, whether he thought Mr. Gregory was competent to enter the plea, because the trial court was well aware of the history of this court. And Mr. Smurr said he had met with Mr. Gregory for an hour prior to the plea hearing and that he was satisfied that Mr. Gregory understood. In addition, Mr. Gregory asked questions of the court at three different points in the plea hearing. Mr. Gregory asked the court to explain the rights it was – to explain what the court was saying to him. And the court – and on one of those occasions, he asked for a second explanation. And each time, the court stopped and gave further explanation and then asked Mr. Gregory, do you understand now? And Mr. Gregory said yes. So that was the trial court that ultimately found him incompetent. It wasn't the same trial judge, I believe, but it was in the same court, the Tulare Superior Court. Yeah.  Sotomayor, did you have a comment on the plea hearing itself, or did you have a comment on the plea hearing itself? I was referring just now to what happened during the plea hearing itself. During the plea. Okay. During what? During the plea hearing when he pled no contest to second-degree murder. Now, it seems to me that Godinez sums up what's established in the Supreme Court, and that's that you've got to be competent to make the plea, and you've got to be competent to understand the constitutional rights you're giving up knowingly and voluntarily. What is the evidence that he knowingly and voluntarily gave up his constitutional rights? In the plea hearing in which Mr. Smurr, his attorney, represented to the court that he believed Mr. Gregory was mentally competent, and this was an attorney who knew Mr. Gregory, who had been representing him in the competence of proceedings that preceded this, the plea hearing. He represented to the court that he believed Mr. Gregory was competent. So you're relying on the representation of Mr. Smurr? In part. What else? And on Mr. Gregory's behavior at the plea hearing, in which we're trying to get to a very particular thing, his knowingly and voluntarily surrender of these constitutional rights. Correct, Your Honor. And during the plea hearing, the Court explained each of those rights to him, asked if he understood them, and he said he did. Moreover, he showed no shyness about asking questions when he didn't understand. You say he understood them. Then what did he say? I waive them? Yes. He did? Yes. It was a properly taken plea. I'm sorry. What are you referring to in the record? In the plea hearing transcript, the Court asked him if he waived, explained his rights and asked if he waived them, and he affirmed that he did. There's no other. Are you reading literally from the record? I don't recall where in the record the plea hearing transcript appears, India. But it is from the plea. Are you reading from a brief or what? I'm reading from my notes. Oh. Is it in your brief? I don't recall, Your Honor. You mean we have to search for where it is in the record, huh? The plea hearing, Your Honor. Yes. I don't recall where the plea hearing is. I mean, this is quite crucial. I should have searched if you want a brief. There was no claim in this case, Your Honor, that the Court did not obtain proper waivers consistent with Boyk and Tal. In other words, that the Court didn't ask him if he waived the specific rights and get an answer on that. The claim is that he didn't understand what he was doing when he did it. Yes, that's right. But beyond that. I don't know exactly what he did do. But beyond that, and maybe this is why it's not covered specifically in your brief, in this habeas proceeding, the Petitioner's conceded competence, right? Correct, Your Honor. It's not an issue that's raised by the Petitioner that he was incompetent. Correct, Your Honor. So we start with the premise that he's competent, and the argument is really whether or not, in spite of that competency, he did not understand the consequences of the plea. Right. Which comes down to the question of whether the California court of appeal contradicted or unreasonably applied controlling Supreme Court case law when it held that the fact that it could bet, given the fact that competency was not disputed and that he conceded his competency, that it could not find that the plea was not knowing involuntary based solely on evidence that he lacked competency. In other words ---- And I think that's what Mr. Mothoff is challenging. In other words, the State court's finding, and I guess backed by the magistrate judge that, that that evidence does not go only to lack of competence. Isn't that the challenge the Petitioner is raising here? I do understand that to be part of his challenge, correct. And the court of appeal's finding on that is also entitled to deference under section 2254d. And a fair-minded jurist could and I believe would conclude that the only evidence that he didn't understand was that he didn't understand because he lacked the capacity to do so. I've already reviewed, mentioned the reports of Drs. Terrell and Mills on that. In addition, Mr. ---- This bothers me. You say he lacked the competency to understand. Why doesn't that mean he did not understand? Because he has conceded his competency. Well, but why are you by why is that an irrevocable concession? The competency is something that goes throughout the trial. And certainly at the beginning, he concedes it, but then he does something that shows he's not competent. Well, why is he stopped from showing that? Because it is Petitioner that frames the issues here, as the court of appeal noted. And it makes no sense to claim that he possessed the capacity to understand, but his plea was involuntary because he lacked the capacity to understand. As the court of appeal. What's illogical about that? I lack the capacity to understand, and therefore I can't plead. But he said that he harbored the capacity to understand. He had the capacity to understand, yet the plea was involuntary because he lacked the capacity to understand. It's self-contradictory. Now, where does he say I understand, I have the capacity to understand? By pleading? No. Throughout the State writ proceedings, in the Tulare County Superior Court, he said he was marginally competent to understand, but under the specific circumstances of the case, he doesn't understand. At the oral argument, let's see, in his brief in the court of appeal, he stated that the testimony of Drs. Mills and Terrell did not suggest he was incompetent to enter a plea. At oral argument, he repeatedly, his counsel repeatedly stated, and after being pressed by the court, that he considered that they were not claiming that Mr. Greger was competent, that he was marginally competent, that he was, quote, in principle able to understand. So that was asserted throughout. And in the oral argument in the Fifth District Court of Appeal, the court repeatedly pressed counsel on this, and counsel repeatedly said that he was not claiming that he was incompetent. And so certainly, under the deference standard of Section 2254d2, a fair-minded jurist could find that his position and that Mr. Gregory's position in the State Proceedings was that he was competent, which leads us back to the lack of controlling Supreme Court authority on this case. And where there is no Supreme Court authority, the Petitioner cannot overcome the bar of Section 2254d. Sotomayor, used to be more specific, lack of controlling Supreme Court authority on what question? On the question of whether a defendant or appellant who claims a plea was not knowing involuntary can show that it was not knowing involuntary based on lack of capacity, based on lack of competency, when he explicitly concedes that he was competent. There is no controlling Supreme Court authority on that issue.  The factual part of the inquiry as to whether or not, you know, that was a, I don't want to say, you know, fair interpretation of the facts, in reaching that conclusion, that all it challenges is capacity. Well, that's subject to Section 2254d2, whether it was an unreasonable finding of fact, whether a fair-minded jurist could find that fact. Both aspects of this claim are subject to Section 2254d. The factual issue comes under d2. I see that I'm out of time. Does the Court have any further questions? Excuse me. No, but I have further sneezes, apparently. I don't believe we have any more questions for you. Thank you, Your Honors. Thank you. And, Mr. Moultaup, you may have a minute or so for rebuttal. And, Your Honor, I am going to ask the Court's indulgence for a minute or two of rebuttal, because I have two points that I would really like to make in the aftermath of my esteemed adversary's arguments. All the evidence that was presented at the habeas hearing that the plea was not knowing involuntary related to the diminution, the impairment, of Edwin Gregory's mental functioning. And it showed that his mental functioning had diminished from the time that he was a practicing accountant, when it was A-level functioning, down to the day of the plea, when it was C minus D plus functioning. So the Fifth District Court of Appeal characterized that as only going to evidence of incompetency, but it was going to much more than that. It was going to his actual functioning on the day that he pled guilty. I'm going to call the Court's attention to E.R. 8, in which the Court of Appeal summarized the testimony of Edwin Gregory at the time he was in the courtroom with the plea. And what it sounds like is, it sounds like Edwin Gregory is in the functional equivalent position of a person who is developmentally disabled, not incompetent, but has a very, very low IQ and does not apprehend things as rapidly as a non-developmentally developed person, disabled person, or as a mentally compromised person. When he entered the courtroom, quote, Edwin still felt confused and did not know what was going to happen. As the judge began to explain to him the rights he was giving up by entering a plea, he finally realized he was going to plead to second degree murder. When the judge began asking him questions, Edwin was initially honest and said he did not understand. He stopped asking for clarification, however, because he remembered his parents telling him he needed to get past this stage as a formality, and he thought he would not be able to do that if he kept telling the judge he did not understand the questions. So what is the second point that you wanted to make? You've used beyond the time allotted. You said you had two points, and the first was the factual one. Okay. The two points were the factual one, that he testified to what he did not understand at the time of the plea. And the second one was that it's unfair and illogical to dismiss his evidence of mental disabilities and the problems of medication by characterizing them as only going to competency, because they went to the issue of whether he was handicapped in his ability to understand the actual proceedings on the day that he pled. That's what the evidence was directed to, and that's severable from going to competency. And I believe that the magistrate judge, my last comment, the magistrate judge ably, ably. No, no, but wait a minute. Wait a minute. But he can't plead, enter a plea, if he's not competent. True. Well, then he's competent. I mean, you conceived he's competent. You're not challenging that. We're not conceding it, but we're not challenging it. Right. But what we have said You conceded it at the State court level. No, Your Honor. Everyone, every citation by Mr. Sokler, the actual verbiage is that we're not making a claim of competency, we're making a claim that he didn't actually understand. Okay, but not making a claim is the equivalent for our purposes of conceding it, because it's not an issue before us. And I hope that the court takes that away from this oral argument. Our evidence went to show that his functioning had deteriorated to the point where he was just above that competence line. And therefore, it was going to take a heck of an effort by the judge, by his family, by his defense attorney, to get him to understand everything that he needed to know to enter a constitutional plea. And it didn't happen. That's the crux of our argument, that he was handicapped, he was compromised, he was competent. But it was going to take more than the standard Boyk-N-Tal colloquy to produce a constitutionally viable plea. Your Honor, I That's my answer. Thank you, counsel. I think we understand your argument, and it's been very well presented. We appreciate the arguments of both counsel, and this case is submitted and will stand adjourned for this morning's session.
judges: Noonan, Tashima, Graber